THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOSHUA GARCIA, ANDREA P. BRANDT and HOWARD HART, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALTICOR, INC., THE BOARD OF DIRECTORS OF ALTICOR, INC., THE FIDUCIARY COMMITTEE OF ALTICOR, INC., and JOHN DOES 1-30.<br><br>Defendants. | Civil Action No. 20-cv-01078<br><br>Hon. Paul L. Maloney<br><br>Mag. Phillip J. Green |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs Joshua Garcia, Andrea P. Brandt, and Howard Hart (collectively, the "Plaintiffs") and Defendants Alticor Inc., the Board of Directors of Alticor Inc., and the Fiduciary Committee of Alticor Inc. (collectively referred to as "Defendants') (jointly, the "Parties"), expect that discovery in this litigation (hereinafter, the "Action") is likely to involve the production of certain information and documents that the Parties believe are confidential because they contain non-public, personal, financial, proprietary, or commercially sensitive information;

IT IS HEREBY STIPULATED, AGREED, AND ORDERED in order to facilitate the exchange of confidential discovery and information by and among the Parties, that the following Stipulated Protective Order shall govern the handling of documents, depositions, deposition exhibits, deposition transcripts, written discovery requests and responses thereto, interrogatories and responses thereto, requests for admissions and responses thereto, and any other information or material produced, given, or exchanged in connection with discovery in the Action.

1

1. Definitions:

  a. "Material" as used herein shall mean documents, deposition testimony, deposition exhibits, written discovery requests and responses thereto, interrogatories and responses thereto, requests for admission and responses thereto, electronically stored information ("ESI"), affidavits, declarations, trial testimony and any other information or material produced, given, or exchanged in connection with the Action.

  b. "Confidential Material" shall mean any Material designated "Confidential" in accordance with this Order.[1]

  c. "Parties" shall mean the Plaintiffs or Defendants collectively, even if any of the individual Plaintiffs or Defendants are later dismissed from this Action, and any individuals or entities subsequently joined to this Action, while "Party" refers to a single Plaintiff, Defendant, or party later joined to this Action.

  d. A Party or non-Party that designates Material as Confidential Material is referred to herein as a "Designating Party."

  e. A Party or non-Party that produces or discloses Material in this Action is referred to interchangeably herein as a "Producing Party."

  f. A Party or non-Party that receives Material in this Action from a Producing Party is referred to herein as a "Receiving Party."

2. Any Party to this litigation and any non-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any

---

[1] "Confidential Material" also includes any Material designated Confidential prior to the entry of this Protective Order.

document or thing (hereinafter "Documents"): (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third parties; or (d) which the Party or non-party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Private or confidential personal information includes identifying information of the type described in Federal Rule of Civil Procedure 5.2.  Any Party to this litigation or any non-party witness covered by this Order, who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following legend: "CONFIDENTIAL." ESI designated as "Confidential" shall be so designated by including a "Confidential" or notice in the body of the electronic document or by affixing a "Confidential" stamp, sticker, mark, notice, or the equivalent, with such notice to the medium (including, but not limited to, tapes, CDs, DVDs, and flash drives) on which the ESI is stored before copies are delivered to a Receiving Party.

     3.     All Confidential Material shall be used by the Party that receives such material solely for purposes of the prosecution or defense of this action, shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. This Order has no effect upon, and shall not apply to, a Designating Party's use of its own Confidential Material for any purpose.

     4.     Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

a. Counsel of record in this action and relevant in-house counsel for the Parties;

b. Expert witnesses or consultants retained by a Party or its counsel for purposes of this action, provided that: (i) they (or another employee of the same entity acting on behalf of all employees working on this action) have signed a non-disclosure agreement in the form attached hereto as Exhibit A, (ii) the Receiving Party has provided a copy of the signed non-disclosure agreement to counsel of record for the Producing Party and Designating Party at least five (5) business days prior to any disclosure of Confidential Material, and (iii) the Producing Party and Designating Party have not objected the disclosure in accordance with the procedure set forth in Footnote 2 herein;[2]

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the individuals listed in Paragraph 4(a)-(b);

d. The Court and court personnel;

e. Court reporters, stenographers, audio personnel, and videographers transcribing or recording depositions or testimony in this Action;

f. Any deponent may be shown or examined on any information, document or thing designated Confidential, provided that such disclosure is reasonably necessary or deposing counsel has a good faith basis to believe the witness may have previously seen the Confidential Information;

g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff and clerical employees whose duties and responsibilities require access to such materials, provided that they (or another employee of the same entity acting on behalf of all employees working on this action) have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

h. Current and former employees, officers, directors, representatives, and affiliates of Alticor Inc., provided that such persons are assisting with this litigation or are deponents or witnesses in the litigation;

i. A non-party (including a former officer, director, or employee of a Party) who authored or previously received the Confidential Material;

---

[2] Upon receipt of a non-disclosure agreement signed by an individual or entity described in Paragraph 4(b), the Producing Party and/or Designating Party may object to the disclosure of Confidential Information to that individual or entity. Any such objections must be sent, in writing, to counsel for the Receiving Party, within 5 business days of receipt of the non-disclosure agreement. All objections lodged pursuant to this procedure shall be made in good faith and not for the purpose of undue delay.

  j. Any mediator or arbitrator engaged by the named Parties to this action, and their employees and staff;

  k. Any e-discovery vendor engaged by the named Parties to this action, and their employees and staff; and

  l. Any other person agreed upon in writing by the Parties.

  5. Confidential Material shall be used only by individuals permitted access to it under Paragraph 4. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other person, until and unless (a) the Designating Party or witness asserting confidentiality waives the claim of confidentiality, or (b) the Court allows such disclosure.

  6. With respect to any depositions that involve a disclosure of Confidential Material of a Party to this action, such Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the Parties. Confidential Material in a deposition transcript shall be designated as follows:

  a. A list of page and line numbers of such designations shall be provided by counsel for any Party or non-party within such thirty (30) day period. If designated as Confidential within the thirty (30) day period, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Material: "CONFIDENTIAL" (where the entire transcript is designated as such) or "CONTAINS CONFIDENTIAL MATERIAL" (where portions of the transcript are designated as such by identifying the Confidential Material therein by page and line).

  b. If all or portions of a video-recorded deposition are designated as Confidential, the video recording shall be labeled with the same legends, as appropriate. If a Document that has been designated as Confidential is marked as an exhibit in a deposition, that exhibit shall be treated as Confidential or under this Protective Order without the need for further designation by counsel as set forth in this paragraph.

  7. No deposition transcript shall be disclosed to any person other than the persons

described in Paragraph 4 and the deponent during the thirty (30) days following receipt of the deposition transcript, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4 above during said thirty (30) days.

8. Every person given access to Confidential Material or information contained therein shall not make copies, notes, duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for use in this Action, and shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof, and each such copy or other document is to be treated in accordance with the provisions of this Order.

9. The Receiving Parties will maintain security programs reasonably designed to protect the security of Confidential Material from unauthorized access. When any Receiving Party transfers any Confidential Material to others designated in this Order as authorized to receive such Confidential Material, the Receiving Party will encrypt such electronic data using encryption software or transfer data via a Secure File Transfer system. Passwords to decrypt or access the data shall be supplied in separate correspondence to the recipient. If the Confidential Material is in hard copy/paper form, the Receiving Party will ship the Confidential Material using secure packaging and a tracking number. If the Receiving Party learns at any time that such Confidential Material may have been improperly viewed by unauthorized parties during shipment, it will promptly notify the Designating Party and take reasonable measures to retrieve the improperly disclosed Confidential Material.

10. Any Party or persons authorized to receive Confidential Material shall maintain Confidential Material in a secure manner and shall not disclose Confidential Material to anyone other than those designated in this Order. If the Party or persons authorized to receive Confidential

Material learns at any time that such Confidential Material may have been improperly viewed by unauthorized parties, it will promptly notify the Designating Party of all relevant details concerning that unauthorized disclosure and take reasonable measures to retrieve the improperly disclosed Confidential Material.

11. No documents containing Confidential Material ("Confidential Submissions") are to be filed with the clerk without simultaneously filing a motion pursuant to Local Rule 10.6 requesting that the Confidential Submissions be maintained under seal. The Confidential Submissions, thereafter, shall be filed and maintained pursuant to the terms of the Court's ruling on that motion. The Designating Party shall have the burden of supporting the motion. To the extent Confidential Material can be segregated from non-Confidential Material without undue burden or expense, only Confidential Material shall be filed subject to the above terms. In the event that any Confidential Material is used in any court proceeding in this litigation, subject to applicable Court rules, that Confidential Material shall not lose its status merely through such use.

12. If counsel for a Receiving Party hereunder objects to designation of any or all of such items as Confidential, the following procedure shall apply:

   a. Counsel for the objecting Party shall serve on the Designating Party a written objection to such designation, which shall describe with particularity the Documents in question and shall state the grounds for objection. Counsel for the Designating Party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that the Documents are Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the Designating Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

   b. If a dispute as to a Confidential designation of a Document cannot be resolved by agreement, the Receiving Party may present the dispute to the Court in a formal motion for an order regarding the challenged designation, which shall be filed under seal as provided in Local Rule 10.6 to the extent that it refers to the substance of the Document. The Document that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

13. The terms of this Order shall govern in all circumstances except for presentations of evidence and argument at hearings and at trial. Any Party that seeks to use any such Material designated as Confidential Material by any other Party or non-Party, shall use best efforts to provide advance notice to the Designating Party. At the request of the Designating Party, the Parties shall confer in good faith to try and agree upon procedures regarding the use of such information to preserve, as much as practicable, its confidentiality, and any Party may seek appropriate relief from the Court to preserve the confidentiality of the Confidential Material.

14. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Designating Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Receiving Parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after learning of the disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order. The Disclosing Party may request that the Receiving Party certify in writing the deletion and/or destruction of the inadvertently disclosed documents and, if such a request is made, the Receiving Party shall comply within 5 business days of notice of the inadvertent disclosure.

15. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the Designating Party and brought to the attention of the Receiving Party, the Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such

inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the Designating Party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the Receiving Party to claim waiver of privilege or to challenge the Designating Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

16. No information that is in the public domain or which is already known by the Receiving Party through proper means or which is or becomes available to a Party from a source other than the Party or non-party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material under this Protective Order.

17. This Protective Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

18. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

19. Within 60 days of the final conclusion of this litigation (including the exhaustion of any appeals), each Party or other individual subject to the terms hereof shall be under an obligation to return to the originating source, or to destroy, all originals and unmarked copies of documents and things containing Confidential Material, if requested by the Designating Party; provided, however, that counsel may retain complete copies of all transcripts and Court filings including any exhibits attached thereto for archival purposes, and any attorney work product or emails related to the action, subject to the provisions of this Protective Order. To the extent a Party

requests the return of Confidential Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

20.     A non-party from whom discovery is sought by the Parties to this action may designate discovery Material as "Confidential" pursuant to and consistent with the terms of this Stipulation and Order. Under such circumstances, any Material designated "Confidential" by a non-party shall be afforded the same protections as Material so designated by a Party, and all duties applicable to a Producing Party under this Stipulation and Order shall apply to a non-party designating Material "Confidential." All obligations applicable under this Stipulation and Order to Parties receiving Confidential Material shall apply to any Party receiving Confidential Material from such non-party.

**IT IS SO ORDERED**.

Dated: _____

                                        _____
                                        HON. PAUL L. MALONEY
                                        UNITED STATES DISTRICT JUDGE

**STIPULATED**:

Dated: January 31, 2022                                    Respectfully submitted,

*/s/ Mark K. Gyandoh*                                      */s/ Howard Shapiro*
CAPOZZI ADLER, P.C.                                        JACKSON LEWIS P.C.
Mark K. Gyandoh (PA Bar ID: 88587)                         Stacey C.S. Cerrone
Gabrielle P. Kelerchian                                    Howard Shapiro
312 Old Lancaster Road                                     Lindsey H. Chopin
Merion Station, PA 19066                                   650 Poydras Street, Suite 1900
Telephone: (610) 890-0200                                  New Orleans, LA 70130
Facsimile:  (717) 233-4103                                 Telephone: (504) 208-1755
Email: markg@capozziadler.com                              Facsimile: (504) 208-1759
         gabriellek@capozziadler.com                       Email: Stacey.Cerrone@jacksonlewis.com
                                                                   Howard.Shapiro@jacksonlewis.com
Donald R. Reavey                                                   Lindsey.Chopin@jacksonlewis.com
2933 North Front Street
Harrisburg, PA 17110                                       Blaine A Veldhuis (P78840)
Telephone: (717) 233-4101                                  2000 Town Center, Suite 1650
Facsimile:  (717) 233-4103                                 Southfield, MI 48075
Email: donr@capozziadler.com                               Tel: (248) 936-1900
                                                           Fax: (248) 936-1901
**Attorneys for Plaintiffs**                               Email: Blaine.Veldhuis@jacksonlewis.com

                                                           WARNER NORCROSS + JUDD LLP
                                                           Edward J. Bardelli (P53849)
                                                           Warner Norcross + Judd LLP
                                                           150 Ottawa Ave. NW, Suite 1500
                                                           Grand Rapids, Michigan 49503
                                                           Telephone: (616) 752-2165
                                                           Facsimile: (616) 752-2500
                                                           Email: ebardelli@wnj.com

                                                           **Attorneys for Defendants**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| JOSHUA GARCIA, ANDREA P. BRANDT and HOWARD HART, individually and on behalf of all others similarly situated, | ) ) ) ) | Civil Action No. 20-cv-01078 |
| Plaintiffs, | ) ) | Hon. Paul L. Maloney |
| v. | ) ) | Mag. Phillip J. Green |
| ALTICOR, INC., THE BOARD OF DIRECTORS OF ALTICOR, INC., THE FIDUCIARY COMMITTEE OF ALTICOR, INC., and JOHN DOES 1-30. | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

I, _____ , being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Stipulation and Protective Order in this case signed by the Court, and I will comply with all provisions of the Stipulation and Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Stipulation and Protective Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____        _____
                                    [Name]