**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JOSHUA GARCIA, ANDREA P. BRANDT and HOWARD HART, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 20-cv-01078 ) ) Hon. Paul L. Maloney ) |
| v. | ) ) Mag. Phillip J. Green |
| ALTICOR, INC., THE BOARD OF DIRECTORS OF ALTICOR, INC., THE FIDUCIARY COMMITTEE OF ALTICOR, INC., and JOHN DOES 1-30. | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO CERTIFY THE ORDER ON DEFENDANTS' MOTION TO DISMISS FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C § 1292(b)**

Pursuant to Federal Rule of Civil Procedure 54(b), Defendants Alticor Inc., the Board of Directors of Alticor Inc., and the Fiduciary Committee of Alticor Inc. (collectively "Defendants"), through their undersigned counsel, move for partial reconsideration of the Court's August 9, 2021 Order Denying Defendants' Motion to Dismiss denying Defendants' Motion to Dismiss (ECF No. 11 PageID.1147-1191).  The Sixth Circuit's recent decisions in *Smith v. CommonSpirit Health*, No. 21-5964, 2022 U.S. App. LEXIS 17043, __ F.4th __ (6th Cir. June 21, 2022) and *Forman v. TriHealth, Inc.*, No. 21-3977, 2022 U.S. App. LEXIS 19253, __ F.4th __ (6th Cir. July 13, 2022) clarified the pleading standard for claims challenging the investments and fees of defined contribution retirement plans under ERISA in the Sixth Circuit.  Application of this new, controlling authority to Plaintiffs' allegations is dispositive of four of their five claims, thus Defendants respectfully request that the Court reconsider its August 9, 2021 Order Denying Defendants' Motion to Dismiss (ECF No. 22) ("August 9 Order").  In the alternative, the Court

should certify its August 9 Order for interlocutory appeal under 28 U.S.C. § 1292(b) because the statutory requirements are satisfied and judicial economy would be preserved by the prompt resolution of the legal questions presented herein.

Pursuant to Local Rule 7.1(d), counsel for the parties met and conferred on July 13, 2022 by telephone and in subsequent email correspondence, and Plaintiffs' counsel advised that Plaintiffs do not concur in the relief sought herein.

Dated: July 19, 2022

/s/ Stacey C.S. Cerrone
JACKSON LEWIS P.C.
Stacey C.S. Cerrone
Howard Shapiro
Lindsey H. Chopin
601 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759
Email:
Howard.Shapiro@jacksonlewis.com
Stacey.Cerrone@jacksonlewis.com
Lindsey.Chopin@jacksonlewis.com

Edward J. Bardelli
Warner Norcross & Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
Telephone: (616) 752-2165
Facsimile: (616) 752-7500
Email: ebardelli@wnj.com

***Attorneys for Defendants***

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JOSHUA GARCIA, ANDREA P. BRANDT and HOWARD HART, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| ALTICOR, INC., THE BOARD OF DIRECTORS OF ALTICOR, INC., THE FIDUCIARY COMMITTEE OF ALTICOR, INC., and JOHN DOES 1-30. | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 20-cv-01078

Hon. Paul L. Maloney

Mag. Phillip J. Green

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO CERTIFY THE ORDER ON DEFENDANTS' MOTION TO DISMISS FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C § 1292(b)**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................................. 2

ARGUMENT .................................................................................................................................... 3

I.    Reconsideration Is Warranted Because the Pleading Standard Recently Articulated in *Smith* and Reaffirmed in *Forman* Bars Four of Plaintiffs' Five Claims. ........................ 3

    A.  The Sixth Circuit Requires Dismissal of Plaintiffs' Claims Challenging the Freedom Funds.................................................................................................................. 4

    B.  The Sixth Circuit Requires Dismissal of Plaintiffs' Claim That Nine Plan Funds Were Overpriced Compared to the ICI Median and Average. ........................................... 6

    C.  The Sixth Circuit Requires Dismissal of Plaintiffs' Claim that Five Plan Funds Underperformed Average Peer Group Performance on a Short-Term Basis. .................... 7

    D.  The Sixth Circuit Requires Dismissal of Plaintiffs' Recordkeeping Claim. ...................... 8

    E.  The Sixth Circuit Requires Dismissal of Plaintiffs' Disloyalty Claim. ............................. 8

II.   In The Alternative, the Court Should Certify Its August 9 Order for Interlocutory Appeal. .............................................................................................................................. 9

CONCLUSION .............................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Forman v. Meridian Bioscience, Inc.*,
    387 F. Supp. 3d 791 (S.D. Ohio 2019) ........................................................................................3

*Forman v. TriHealth, Inc.*,
    No. 21-3977, 2022 U.S. App. LEXIS 19253, __ F.4th __ (6th Cir. July 13,
    2022) ................................................................................................................................. *passim*

*Kollaritsch v. Mich. State Univ. Bd. of Trs.*,
    No. 17-2445/18-0101, 2018 U.S. App. LEXIS 17379 (6th Cir. June 25, 2018) .................9, 10

*Kowalski v. Mich. State Univ.*,
    No. 1:18-cv-390, 2021 U.S. Dist. LEXIS 34376 (W.D. Mich. Feb. 24, 2021) ..........................3

*Rodriguez v. Tenn. Laborers Health & Welfare Fund*,
    89 F. App'x 949 (6th Cir. 2004) ..................................................................................................3

*Smith v. CommonSpirit Health*,
    No. 21-5964, 2022 U.S. App. LEXIS 17043, ___ F.4th ___ (6th Cir. June 21,
    2022) ................................................................................................................................. *passim*

*In re Trump*,
    874 F.3d 948 (6th Cir. 2017) ................................................................................................9, 10

**Statutes**

28 U.S.C. § 1292(b) ..............................................................................................................1, 9, 11

**Other Authorities**

Fed. R. Civ. P. 54(b) ........................................................................................................................3

L. Civ. R. 7.4(a) ...............................................................................................................................3

**INTRODUCTION**

Plaintiffs' Class Action Complaint ("Complaint") asserts breaches of fiduciary duty under the Employee Retirement Income Security Act ("ERISA") related to the monitoring of the fees and performance of some of the Amway Retirement Savings Plan's ("Plan") investment options and of the Plan's recordkeeping fees. When this Court considered and denied Defendants' Motion to Dismiss Plaintiffs' Complaint, the pleading standard for such claims was unsettled: case law from courts across the country conflicted and the Sixth Circuit had not ruled on the issue. Recently, however, in *Smith v. CommonSpirit Health*, No. 21-5964, 2022 U.S. App. LEXIS 17043, __ F.4th __ (6th Cir. June 21, 2022) and *Forman v. TriHealth, Inc.*, No. 21-3977, 2022 U.S. App. LEXIS 19253, __ F.4th __ (6th Cir. July 13, 2022), the Sixth Circuit affirmed dismissal of claims supported by similar allegations and many of the same theories as alleged here, finding that *Smith*'s and *Forman*'s allegations failed to state a plausible claim. Because *Smith* and *Forman* constitute a change in the controlling authority applicable to Plaintiffs' claims, and allowing expensive, class action claims that are insufficiently plead under now-controlling Sixth Circuit law to proceed would constitute a palpable defect in the outcome of the case, the Court should exercise its discretion to reconsider its August 9, 2021 Order Denying Defendants' Motion to Dismiss ("August 9 Order") (ECF No. 22) and dismiss all but Plaintiffs' claim that the Plan retained a higher cost share class for one fund offered in the Plan.[1] Alternatively, the Court should certify its August 9 Order for interlocutory appeal under 28 U.S.C. § 1292(b) because the requirements for certification are satisfied and judicial economy would be preserved by the prompt resolution of this legal question.

---

[1] Plaintiffs allege that the Committee should have selected a lower cost share class for the Vanguard Small Cap Growth Index Fund. (ECF No. 1 PageID.28-31, ¶¶ 101-111). The Sixth Circuit did not consider share class claims in *Smith*, and, in *Forman,* a share class challenge was the only claim that survived dismissal. *Forman*, 2022 U.S. App. LEXIS 19253, at **13-23. Thus, Defendants are not moving for reconsideration of this single claim.

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 9, 2020, three former employees of Alticor Inc. (or its subsidiaries) ("Alticor") filed the Complaint on behalf of all participants and beneficiaries in the Plan asserting that Alticor Inc., its Board of Directors, and the Alticor Fiduciary Committee (collectively, "Defendants") breached their fiduciary duties under ERISA.  ECF No. 1 PageID.1-44. Specifically, the Complaint alleges Defendants breached ERISA's duty of prudence by: (1) retaining until 2018 the Fidelity Freedom Funds ("Freedom Funds"), a suite of actively managed target date funds, despite the fact that Fidelity offered lower cost target date fund suites that were either comprised of passively managed funds (the "Freedom Index Funds") or organized as collective trusts (the "FIAM Blend Funds") that the Committee could have selected for the Plan (ECF No. 1 PageID.23-28, 31-38 at ¶¶ 90-100, 112-134); (2) retaining nine overpriced funds in the Plan (*id.* at PageID.18-22, ¶¶ 75-87); (3) retaining five underperforming funds in the Plan (*id.* at PageID.23, ¶¶ 88-89); and (4) failing to monitor and control the Plan's recordkeeping fees (*id.* at PageID.14-18, ¶¶ 14-18). The Complaint also re-casts these same allegations as a breach of ERISA's duty of loyalty.  *Id.* at PageID.39, ¶¶ 135-138.

Defendants filed a Motion to Dismiss the Complaint for failure to state a claim on March 3, 2021.  ECF No. 11 PageID.1147-1191.  On August 9, 2021, in the absence of a governing standard in the Sixth Circuit, and finding other, out-of-circuit cases denying motions to dismiss persuasive, the Court held that Plaintiffs' Complaint sufficiently pled breach of fiduciary duty claims under ERISA and denied Defendants' Motion to Dismiss.  ECF No. 22 PageID.1379.

Following the Court's August 9 Order, Defendants answered Plaintiffs' Complaint and the Court entered a case management order.  *See* ECF No. 31 PageID.1495-1500.  The Sixth Circuit issued its opinions in *Smith* and in *Forman* on June 21, 2022 and July 13, 2022, respectively. Counsel for the parties met and conferred on July 13, 2022 at which time Defendants' counsel

2

requested that Plaintiffs voluntarily dismiss all but their share class claim in light of *Smith* and *Forman*, or amend their Complaint to address the new Sixth Circuit authority. Counsel for Plaintiffs declined to do so, and Defendants filed the instant motion.

## ARGUMENT

### I.   Reconsideration Is Warranted Because the Pleading Standard Recently Articulated in *Smith* and Reaffirmed in *Forman* Bars Four of Plaintiffs' Five Claims.

The Court has discretion to reconsider its prior orders at any time prior to the entry of judgment. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (finding that the power to reconsider orders prior to final judgment arises from the common law and Federal Rule of Civil Procedure 54(b)). Reconsideration of a prior order may be granted when the prior order constitutes a "palpable defect" that will lead to a "different disposition of the case." W.D. Mich. Local Civil Rule 7.4(a). Reconsideration is appropriate when there is an intervening change in the law. *Kowalski v. Mich. State Univ.*, No. 1:18-cv-390, 2021 U.S. Dist. LEXIS 34376, at *4 (W.D. Mich. Feb. 24, 2021); *see also Forman v. Meridian Bioscience, Inc.*, 387 F. Supp. 3d 791, 796 (S.D. Ohio 2019).

This standard is met here. When the Court denied Defendants' Motion to Dismiss, the Sixth Circuit had neither affirmed nor rejected the types of claims asserted herein. But in *Smith*, the Sixth Circuit definitively clarified the pleading standard for Plaintiffs' claims, and all of Plaintiffs' claims, other than their share class claim, should be dismissed under that clarified standard. The Sixth Circuit then re-affirmed that standard in *Forman* just three weeks after *Smith* was decided. Permitting costly, burdensome class action claims to proceed where the now-controlling legal authority mandates their dismissal would result in a "palpable defect" in the

outcome of this case,[2] thus the Court is well within its discretion to reconsider its August 9 Order and dismiss Plaintiffs' claims.

### A. The Sixth Circuit Requires Dismissal of Plaintiffs' Claims Challenging the Freedom Funds.

Plaintiffs allege that Defendants violated ERISA's duty of prudence by retaining the Freedom Funds from the start of the Class Period until 2018 when they were replaced by the FIAM Blend Funds. *See* ECF No. 11 PageID.1172. Specifically, Plaintiffs allege that Defendants could have replaced the Freedom Funds with either: (i) the FIAM Blend Funds, which were less expensive because they were organized as collective trusts, rather than as mutual funds, or (ii) the Freedom Index Funds, which were less expensive because they were comprised of passively managed index funds and were also less risky. ECF No. 1 PageID.23-28 at ¶¶ 90-100; *see also* ECF No. 11 Page ID.1172-1182. The Sixth Circuit now requires dismissal of this claim for several reasons:

First, Plaintiffs' claim disregards that Defendants undisputedly replaced the Freedom Funds with the FIAM Blend Funds midway through the putative class period in 2018. *See* ECF No. 1 PageID.27 at ¶ 99 n.14. Under *Smith*, removing an allegedly imprudent fund is evidence of a prudent process because it shows fulfillment of the "continuing duty to monitor trust investments." *Smith*, 2022 U.S. App. LEXIS 17043, at *21. Thus, the fact that Defendants removed the allegedly imprudent Freedom Funds from the Plan and replaced them with the very funds Plaintiffs advocate for as a prudent alternative is fatal to their imprudence claim because it is not plausible to infer that Defendants failed to monitor the Freedom Funds under the facts as pled.

---

[2] Even with Plaintiffs' share class claim remaining (*supra*, note 1), dismissal of the other four claims will significantly limit the scope of discovery and the issues remaining for further litigation. *See infra* at 11.

Second, Plaintiffs' imprudence claim as it relates to the Freedom Funds rests almost entirely on comparisons between the fees, performance, and risk profile of the actively managed Freedom Funds to the passively managed Freedom Index Funds. Plaintiffs allege that the Fidelity Freedom Index Funds that were better rated by Morningstar, had higher returns, lower risk, and lower fees, and, as such, investors were "fleeing" the Freedom Funds. ECF No. 1 PageID.31-38 at ¶¶ 112-134. But, considering materially identical allegations,[3] *Smith* held there was no plausible inference of imprudence. Actively and passively managed funds are simply different types of investments, thus comparing the two is an apples-to-oranges comparison that cannot show that one is better than the other. *Smith*, 2022 U.S. App. LEXIS 17043, at \*\*10-17; *Forman*, 2022 U.S. App. LEXIS 19253, at \*\*11-12. Thus, the Court cannot plausibly infer that the actively managed Freedom Funds were imprudent through a comparison to the passively managed Freedom Index Funds.

Critically, even if it was appropriate to compare the Freedom Funds to the Freedom Index Funds, *Smith* explained that comparisons of short-term performance, identical to what is alleged in this case,[4] do not support an inference that the Freedom Funds were an imprudent choice. *Smith*, 2022 U.S. App. LEXIS 17043, at \*\*13-14. At best, short-term performance allegations show that the Freedom Index Funds performed better at a snapshot in time, but that does not support a finding of imprudence because "[p]recipitously selling a well-constructed portfolio in response to disappointing short-term losses, as it happens, is one of the surest ways to frustrate the long-term growth of a retirement plan." *Id.*; *Forman*, 2022 U.S. App. LEXIS 19253, at \*\*11-12. In addition, the allegations as pled here show that: (1) the Freedom Funds remained more than twice as popular

---

[3] *Compare e.g.*, ECF No. 1 PageID.36-38 at ¶¶ 129-133 *to* Complaint, *Smith v. CommonSpirit Health*, No. 2:20-cv-00095 (E.D. Ky.) ("*Smith* Complaint"), ECF No. 3 PageID.96-97, 99-101 at ¶¶ 31, 34-36.
[4] *Compare* ECF No. 1 PageID.36-38 at ¶¶ 129-133 *to Smith* Complaint, ECF No. 3 PageID.101 at ¶ 36.

5

as the Freedom Index Funds as measured by total assets (ECF No. 11 PageID.1173), (2) the Freedom Funds still received silver ratings from Morningstar (*id.*), and (3) the Freedom Funds have outperformed the Freedom Index Funds in the long-term (*id.* at PageID.1180) and based on more recent performance data (ECF No. 20 PageID.1348). *Smith* held that an inference of imprudence was not warranted under similar facts. *Smith*, 2022 U.S. App. LEXIS 17043, at \*\*18-19.[5]

Finally, *Smith* also considered the "red flags" that the *Smith* plaintiffs alleged, which are nearly identical to those alleged here, such as the alleged outflows of investors from the Freedom Funds (ECF No. 1 PageID.38 at ¶ 132), an analyst critique (ECF No. 1 PageID.38 at ¶ 133), and the alleged riskiness of the Freedom Funds (ECF No. 1 PageID.38 at ¶ 133). *Smith* held that those allegations are not sufficient to support an imprudence claim because they are all impermissible, hindsight-based critiques that would not have caused alarm to a reasonably prudent fiduciary in real-time and do not show "serious signs of distress." *Smith*, 2022 U.S. App. LEXIS 17043, at \*\*17-18.

### B. The Sixth Circuit Requires Dismissal of Plaintiffs' Claim That Nine Plan Funds Were Overpriced Compared to the ICI Median and Average.

Plaintiffs also claim that nine of the Plan's mutual funds had excessive management fees when compared to median and average fees reported by the Investment Company Institute ("ICI"). ECF No. 1 Page.ID 21-22 at ¶¶ 85-86. But the Sixth Circuit has made clear that challenges based on fee comparisons between dissimilar funds are, on their own, insufficient to state an imprudence claim. *Forman*, 2022 U.S. App. LEXIS 19253, at \*11-12. Indeed, *Smith* rejected comparisons to an ICI average to support an excessive management fee claim, and the same result is warranted

---

[5] Notably, Plaintiffs do not even allege the performance data of the FIAM Blend Funds, thus that claim is even thinner. ECF No. 1 PageID.28 at ¶ 100.

6

here. While *Smith* considered total plan cost, not individual fund expense ratios as Plaintiffs do here, the same logic applies: if it is not *per se* unlawful to select actively managed funds, which are known to cost more than passively managed funds, then comparing the Plan's management fees to an average that combines fees for actively and passively managed funds is not a plausible way to show imprudence. All the comparison to the ICI average shows is that the Plan uses active funds, which is simply another way to lodge an impermissible "general attack on active investments." *Smith*, 2022 U.S. App. LEXIS 17043, at **22-23.

### C. The Sixth Circuit Requires Dismissal of Plaintiffs' Claim that Five Plan Funds Underperformed Average Peer Group Performance on a Short-Term Basis.

Plaintiffs further claim that Defendants acted imprudently by retaining five underperforming mutual funds during the putative class period. ECF No. 1 PageID.23 at ¶ 88. Their only supporting factual allegations for this claim, though, are comparisons to peer group performance that are insufficient under the Sixth Circuit's standard.

First, Plaintiffs do not define the peer groups they rely on, so the Court is unable to determine whether the comparisons are proper apples-to-apples comparisons required by the Sixth Circuit. *Smith*, 2022 U.S. App. LEXIS 17043, at **14-17; *Forman*, 2022 U.S. App. LEXIS 19253, at **9-10 (reiterating the importance of sound comparisons when challenging individual investment performance). For example, the peer groups likely do not distinguish between actively and passively managed funds and melding the two types together would render the comparison improper just as it did for the ICI median and averages. *Id.*; *supra* Section I(B).

Moreover, Plaintiffs' comparisons are the same type of barebones, short-term performance analyses that the Sixth Circuit rejected. *Smith*, 2022 U.S. App. LEXIS 17043, at *13 (reasoning that, without more, simply pointing to a "snapshot of the lifespan of a fund that is supposed to grow for fifty years does not suffice to plausibly plead an imprudent decision—largely a process-

7

based inquiry—that breaches a fiduciary duty."); *Forman*, 2022 U.S. App. LEXIS 19253 at *10 (disappointing results in the near-term do not support an inference of imprudence).

### D. The Sixth Circuit Requires Dismissal of Plaintiffs' Recordkeeping Claim.

Plaintiffs also allege that Defendants violated their fiduciary duties by permitting recordkeeping fees that are excessive considering industry average fees, which Plaintiffs estimate at $5 - $35 per participant annually based on fees reported in other cases and on the *401(k) Averages Book* (20th ed. 2020). ECF No. 1 PageID.16-17 at ¶¶ 66, 69.

*Smith* rejected a similar claim. The Sixth Circuit questioned the plaintiffs' alleged industry average, which was identical to the allegations here. *Compare id. to Smith* Complaint, PageID.109 at ¶ 45. It noted that the source data included "some of the smallest plans on the market, which might offer fewer services and tools to plan participants." *Smith*, 2022 U.S. App. LEXIS 17043, at **21-22. That is not appropriate, according to the Sixth Circuit, because it lacks context showing that the plan at issue was overpaying for the same services it could have received elsewhere. *Id.*; *see also, e.g.*, *Forman*, 2022 U.S. App. LEXIS 19253, at **10-11 (finding that a challenge to overall plan fees requires plaintiffs to allege that the "fees were high in relation to the services that the plan provided.")

Accordingly, Plaintiffs' reliance on an inappropriate industry average and failure to plead the recordkeeping services offered by the Plan and the alleged comparator are fatal to this claim.

### E. The Sixth Circuit Requires Dismissal of Plaintiffs' Disloyalty Claim.

Plaintiffs also claim that Defendants breached ERISA's duty of loyalty. ECF No. 1 PageID.39 at ¶¶ 135-138. Plaintiffs' disloyalty claim is simply a re-cast version of their imprudence claims; there are no added allegations that Defendants were acting in their own interests. *Smith* and *Forman* clarified this is insufficient. A claim for breach of the fiduciary duty of loyalty requires a plaintiff to plead facts that suggest "the fiduciary's operative motive was to

8

further its own interests." *Smith*, 2022 U.S. App. LEXIS 17043, at *23 (internal quotation omitted); *Forman*, 2022 U.S. App. LEXIS 19253, at **11-12 (same). Because Plaintiffs' Complaint falls short of this standard, the claim for breach of the fiduciary duty of loyalty must also be dismissed.[6]

## II. In The Alternative, the Court Should Certify Its August 9 Order for Interlocutory Appeal.

Should the Court decline to reconsider Defendants' Motion to Dismiss, it should certify its August 9 Order for interlocutory appeal under 28 U.S.C. § 1292(b).

A district court may certify an order for interlocutory appeal if the order (1) "involves a controlling question of law" for which (2) there is "substantial ground for difference of opinion" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three elements are satisfied here, thus Defendants respectfully request that the Court exercise its discretion to certify the order for immediate appeal.

First, the Court's August 9 Order analyzed the pleading standard to state a plausible claim in the Sixth Circuit and thus "falls comfortably" in the description of an order concerning a controlling question of law. *See In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017); *Kollaritsch v. Mich. State Univ. Bd. of Trs.*, No. 17-2445/18-0101, 2018 U.S. App. LEXIS 17379, at **3-4 (6th Cir. June 25, 2018).

Second, there are "substantial grounds for difference of opinion" as to whether the allegations in Plaintiffs' Complaint sufficiently state a claim under ERISA. As noted in the August 9 Order, at that time of the Order, there was a circuit split concerning what is necessary to state a

---

[6] Plaintiffs also allege in Count II that the Board and Alticor (improperly called Amway, a corporate entity not named as a defendant in this case) failed to properly monitor the Plan's fiduciary committee. A monitoring claim was not addressed in *Smith* or *Forman*, however it is settled law that monitoring claims are derivative of the underlying imprudent or disloyal conduct and must be dismissed if the fiduciary breach claims are dismissed. Accordingly, Count II should also be dismissed other than as it relates to the share class claim that is not at issue herein. ECF No. 11 PageID.1190.

9

plausible claim in this context, and *Smith* and *Forman* have only deepened the split with respect to the issues germane to Plaintiffs' claim here. ECF No. 22 PageID.1379. Courts have found that this element is satisfied where a potential circuit split on an identical legal issue existed. *Kollaritsch*, 2018 U.S. App. LEXIS 17379, at *4; *see also In re Trump*, 874 F.3d at 952 (noting that this element is satisfied where "fair-minded jurists might reach contradictory conclusions").[7]

Third, an immediate appeal of this order will "materially advance the ultimate termination of the litigation." *Smith* and *Forman* are controlling for four of Plaintiffs' five claims. Dismissal of those four claims – or even fewer than all four – would drastically narrow and focus the scope of any remaining class action discovery and dispositive motions. *Kollaritsch*, 2018 U.S. App. LEXIS 17379, at *4 (granting leave to appeal where the appeal could dispose of one claim and clarify the pleading standard, which would in turn "shape the discovery process for the remaining . . . claims and the arguments advanced at the summary judgment stage"). Only one Plan fund is at issue in Plaintiffs' share class claim, and it is limited to a single, straight-forward legal theory that a less expensive share class existed. Thus, fact and expert discovery and dispositive motions would be limited to fact-finding and analysis on that single decision to retain a different share class for one fund, as opposed the current scope of the case which covers a wide array of fiduciary decisions on numerous funds and the Plan's recordkeeping fees over the entire putative class period. *See Forman*, 2022 U.S. App. LEXIS 19253, at *22 (noting that the limited legal question presented by the plaintiffs' remaining share class claim "is narrow and ought to be readily answerable").

---

[7] Defendants' position, as articulated in Section I, is that the Sixth Circuit now plainly bars four of Plaintiffs' claim. Thus, *within* the Sixth Circuit, the law is no longer unclear. To the extent that this Court disagrees, however, the substantially differing opinions on these issues across the country make the issue ripe for immediate appeal.

10

Accordingly, because 28 U.S.C. § 1292(b)'s statutory requirements are satisfied, and the prompt resolution of this legal question would benefit the Parties and preserve judicial economy, immediate appeal is proper in this case.

## CONCLUSION

In light of new, controlling authority from the Sixth Circuit, this Court should exercise its discretion to reconsider its August 9 Order and dismiss Plaintiffs' Complaint with prejudice except to the extent that Plaintiffs alleged a breach of ERISA duty of prudence based on retaining a higher cost share class for one fund in the Plan (*see supra*, n.1).  Alternatively, the Court should certify its August 9 Order for interlocutory appeal under 28 U.S.C. § 1292(b).

*/s/ Stacey C.S. Cerrone*
JACKSON LEWIS P.C.
Stacey C.S. Cerrone
Howard Shapiro
Lindsey H. Chopin
601 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759
Email: Howard.Shapiro@jacksonlewis.com
          Stacey.Cerrone@jacksonlewis.com
          Lindsey.Chopin@jacksonlewis.com

Edward J. Bardelli
Warner Norcross & Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
Telephone: (616) 752-2165
Facsimile: (616) 752-7500
Email:
ebardelli@wnj.com

***Attorneys for Defendants***

Dated:  July 19, 2022

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was served this 19th day of July, 2022 upon the Plaintiffs via the Court's CM/ECF system.

*/s/  Stacey C.S. Cerrone*