**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JOSHUA GARCIA, ANDREA P. BRANDT and HOWARD HART, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| | ) Civil Action No. 1:20-cv-01078 |
| Plaintiffs, | )<br>) Hon. Paul L. Maloney |
| v. | )<br>) Mag. Phillip J. Green |
| ALTICOR, INC., THE BOARD OF DIRECTORS OF ALTICOR, INC., THE FIDUCIARY COMMITTEE OF ALTICOR, INC., and JOHN DOES 1-30. | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OR, IN THE ALTERNATIVE, TO CERTIFY THE ORDER ON DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

Defendants submit this brief reply in support of Defendants' Motion for Partial Reconsideration or, in the Alternative, to Certify the Order on Defendants' Motion for Interlocutory Appeal ("Motion") to address inaccuracies in Plaintiffs' Opposition to the Motion. Contrary to Plaintiffs' arguments, the Sixth Circuit's decisions in *Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022) and *Forman v. TriHealth, Inc.*, 2022 U.S. App. LEXIS 19253, 40 F.4th 443 (6th Cir. 2022) are an intervening change in the law and the pleading standards established apply directly here.  Plaintiffs' attempts to distinguish their claims are misleading. Critically, even if there is disagreement on the application of *Smith* and *Forman* to the claims here, that disagreement paired with the impact on the resolution of Plaintiffs' claims, warrant certification of the Court's August 9, 2021 Order denying Defendants' Motion to Dismiss ("August 9 Order") for interlocutory appeal to determine how the newly developed standards should apply.

## ARGUMENT

### A. *Smith* and *Forman* are an Intervening Change in Sixth Circuit Law.

*Smith* and *Forman* are an intervening change in the law. This Court recognized in its August 9 Order that the Sixth Circuit had not yet ruled on the pleading standard applicable to ERISA claims challenging plan fiduciaries' monitoring of 401(k) plan fees and investments. ECF No. 39 PageID.1546-1547. *Smith* and *Forman* filled that gap, providing a pleading standard that applies directly to Plaintiffs' claims. Plaintiffs offer no support for their position that only a "bright line rule" can constitute an intervening change in the law. ECF No. 43 PageID.1598, 1602. Further, the Sixth Circuit's decision to apply *Smith*'s reasoning to similar claims in *Forman* shows that *Smith*'s holding has sufficiently broad application to a wide range of similar claims, including Plaintiffs' claims here. *Forman*, 2022 U.S. App. LEXIS 19253, at *1 ("[p]recedent has overtaken some of the debates in the case"); *see infra*, Section B. Accordingly, the holdings in *Smith* and *Forman* are an intervening change in the law and reconsideration is appropriate.

### B. *Smith* and *Forman* Require Dismissal of Four of Plaintiffs' Five Claims.

Plaintiffs' efforts to distinguish *Smith* and *Forman* must not be credited as they misrepresent the holdings in *Smith* and *Forman* and the relief sought here.

First, Plaintiffs' Opposition gives an incomplete summary of *Smith*'s and *Forman*'s holdings. ECF No. 43 PageID 1602-1603. *Smith* is not limited to a claim that active funds should have been replaced with passive funds.[1] *Id.* As relevant here, the Sixth Circuit also considered and affirmed dismissal of claims alleging excessive recordkeeping fees, excessive investment management fees, and underperformance of Plan investment options, as well as a disloyalty claim. ECF No. 39 PageID.1551-1554.

---

[1] Notably, even if *Smith* was so limited, Plaintiffs make the same claim regarding the Fidelity Freedom Funds here. ECF No. 39 PageID.1550-1551.

2

When summarizing *Forman*, Plaintiffs accurately explain that *Forman* considered an allegation that some of the investments charged higher fees than available alternatives and led to excessive administrative fees.  ECF No. 43 PageID.1603.  But Plaintiffs do not explain that the Sixth Circuit affirmed dismissal of those claims.  *Id.*; *Forman*, 2022 U.S. App. LEXIS 19253, at *1-2 (*Smith* "largely resolves several of the plaintiffs' claims" including "that their employer […] should not have offered its employees the option of investing their retirement money in actively managed funds, that the performance of several funds was deficient at certain points, and that the overall fees charged for the investment options were too high.").

Instead, Plaintiffs emphasize that the Sixth Circuit did not affirm dismissal of the *Forman* plaintiffs' claim that the lowest cost share classes were not selected for certain funds and include an entire section arguing against dismissal of their share class claim.  ECF No. 43 PageID.1606.  Defendants do not dispute that *Forman* reversed dismissal of a share class claim and thus are not seeking reconsideration of Plaintiffs' claim challenging the share class of a single Plan fund.  ECF No. 39 PageID.1546.  Plaintiffs' focus on this claim is a complete red herring.  The fact that the Sixth Circuit affirmed dismissal of the *Forman* plaintiffs' *other claims*, despite their surviving share class claim, shows that Sixth Circuit standards require courts to consider each individual claim and dismiss any that are not supported by sufficient facts to support a plausible claim.

Turning to the four claims that *are* at issue in this Motion, Plaintiffs' claims are not distinguishable from claims dismissed in *Smith* and *Forman*.  Plaintiffs' detailed restatement of the allegations in their Complaint and their arguments against Defendants' prior Motion to Dismiss is just that:  a restatement.  ECF No. 43 PageID.1603-1607.  Plaintiffs do not address how *Smith* and *Forman* apply to those claims.  And, when each claim is analyzed independently, as *Forman* requires, the similarities between Plaintiffs' claims and the claims dismissed in *Smith* and *Forman*,

3

and the Sixth Circuit's disapproval of the inferences they rely upon, require dismissal of Plaintiffs' claims. Plaintiffs' argument that neither *Smith* nor *Forman* considered the "extensive facts or allegations" as this matter is meritless. ECF No. 43 PageID.1607. Indeed, every substantive section in Plaintiffs' opposition is addressed in *Smith*, *Forman*, or both. *See* ECF No. 39 PageID.1549-1554 (analyzing *Smith* and *Forman*'s application to the claims here).[2]

### C. Alternatively, the Parties' Disagreement Evidences the Need to Certify this Order for Interlocutory Appeal.

Defendants assert that *Smith* and *Forman* are an intervening change in the law that apply to Plaintiffs' claims, making reconsideration appropriate here. However, should the Court decide that reconsideration is not appropriate, the requirements for an interlocutory appeal are satisfied. The pleading standard for Plaintiffs' claims is a "controlling question of law," and to the extent there is disagreement or ambiguity on how *Smith* and *Forman* should apply, there is "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Further, applying *Smith* and *Forman* here could lead to the dismissal of a majority of Plaintiffs' claims, which would "materially advance the ultimate termination of the litigation." *Id.* Accordingly, even if this Court should decline to reconsider its August 9 Order, it should certify that Order for interlocutory appeal to preserve the Parties' resources and judicial economy.

### CONCLUSION

Reconsideration of the Court's August 9 Order is appropriate because *Smith* and *Forman* are an intervening change in the law and require dismissal of four of Plaintiffs' five claims. Alternatively, should the Court decline to reconsider its August 9 Order, it should certify that Order for interlocutory appeal to determine the applicability of *Smith* and *Forman*.

---

[2] *Moler v. Univ. of Maryland Medical Sys.*, No. 1:21-cv-01824-JRR, 2022 U.S. Dist. LEXIS 124797 (D. Md. July 13, 2022) is irrelevant as this is an out-of-circuit case where *Smith* and *Forman* are not controlling law. ECF No. 43 PageID.1608 at n. 4.

4

5

Dated: August 10, 2022

                                                */s/ Stacey C.S. Cerrone*
JACKSON LEWIS P.C.
Stacey C.S. Cerrone
Howard Shapiro
Lindsey H. Chopin
601 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759
Email:
Howard.Shapiro@jacksonlewis.com
Stacey.Cerrone@jacksonlewis.com
Lindsey.Chopin@jacksonlewis.com

Edward J. Bardelli
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
Telephone: (616) 752-2165
Facsimile: (616) 752-7500
Email: ebardelli@wnj.com

***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was served this 10th day of August 2022 upon the Plaintiffs via the Court's CM/ECF system.

                                                */s/  Stacey C.S. Cerrone*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JOSHUA GARCIA, ANDREA P. BRANDT and HOWARD HART, individually and on behalf of all others similarly situated, ) ) ) ) | Civil Action No. 20-cv-01078 |
| Plaintiffs, ) ) | Hon. Paul L. Maloney |
| v. ) ) | Mag. Phillip J. Green |
| ALTICOR, INC., THE BOARD OF DIRECTORS OF ALTICOR, INC., THE FIDUCIARY COMMITTEE OF ALTICOR, INC., and JOHN DOES 1-30. ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

## **CERTIFICATE OF COMPLIANCE**

Defendants state as follows:

1. Defendants' Reply Brief in Support of their Motion for Partial Reconsideration of The Court's Order Denying Defendants' Motion to Dismiss, or, in the Alternative, to Certify the Order on Defendants' Motion to Dismiss for Interlocutory Appeal Under 28 U.S.C. § 1292(b) contains 1,109 words. The word count excludes the parts of the brief that are exempted pursuant to the rule.

2. Defendants' Reply Brief in Support of their Motion for Partial Reconsideration of The Court's Order Denying Defendants' Motion to Dismiss, or, in the Alternative, to Certify the Order on Defendants' Motion to Dismiss for Interlocutory Appeal Under 28 U.S.C. § 1292(b) has been prepared in proportionally spaced typeface using Microsoft Word 2016 in 12-point Times New Roman font.

Respectfully submitted,

*/s/ Stacey C.S. Cerrone*
JACKSON LEWIS P.C.
Howard Shapiro (LA Bar No. 11968)
Stacey C.S. Cerrone (LA Bar No. 25860)
Lindsey H. Chopin (LA Bar No. 35707)
601 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759
Howard.Shapiro@jacksonlewis.com
Stacey.Cerrone@jacksonlewis.com
Lindsey.Chopin@jacksonlewis.com

WARNER NORCROSS + JUDD LLP
Edward J. Bardelli (P53849) Warner Norcross + Judd LLP 150 Ottawa Ave. NW, Suite 1500
Grand Rapids, Michigan 49503
Telephone: (616) 752-2165
Facsimile: (616) 752-2500
ebardelli@wnj.com

*Attorneys for Defendants*