# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF
## MICHIGAN

JOSHUA GARCIA, ANDREA P. BRANDT  )
and HOWARD HART, individually and on  )
behalf of all others similarly situated,  )        Civil Action No. 1:20-cv-01078
                                       )
                        Plaintiffs,    )        Hon. Paul L. Maloney
                                       )
            v.                         )        Mag. Phillip J. Green
                                       )
ALTICOR, INC., THE BOARD OF            )
DIRECTORS OF ALTICOR, INC., THE        )
FIDUCIARY COMMITTEE OF ALTICOR,        )
INC., and JOHN DOES 1-30.              )
                                       )
                                       )
                        Defendants.    )


## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
## UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
## SETTLEMENT, APPROVAL OF CLASS NOTICE, AND
## <u>SCHEDULING OF A FAIRNESS HEARING</u>

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ...............................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND..........................................2

       A.     The Proposed Settlement Class.............................................................2

       B.     Procedural History ...............................................................................2

       C.     Discovery .............................................................................................4

       D.     Settlement Negotiations .......................................................................5

       E.     Claims for Relief..................................................................................5

       F.     The Proposed Settlement ......................................................................6

       G.     Class Notice and Administration of Claims...........................................6

III.   ARGUMENT ....................................................................................................7

       A.     The Settlement Meets All Rule 23 Settlement Approval Requirements ...............8

       B.     The Settlement Satisfies Sixth Circuit Requirements of Fairness and
              Adequacy ..............................................................................................9

              1.     There is no risk of fraud or collusion..........................................10

              2.     The complexity, expense, and likely duration of the litigation
                     weighs in Favor of Settlement Approval ....................................10

              3.     Plaintiffs conducted enough discovery to understand their strengths
                     and weaknesses  ........................................................................11

              4.     The likelihood of success on the merits warrants approval .....................11

              5.     Counsel for the parties find the Settlement to be fair and adequate .........12

              6.     The reaction of absent class members is not a matter for
                     preliminary approval..................................................................13

              7.     Approval of the Settlement is in the best public interest .........................13

i

C.    The Proposed Notice Plan Should Be Approved by The Court..............................14

IV.    CONCLUSION.............................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bailey v. Verso Corporation*,
337 F.R.D. 500 (S.D. Ohio 2021) ..................................................................10

*In re Broadwing, Inc. ERISA Litig*.,
252 F.R.D. 369 (S.D. Ohio 2006) ...................................................................12

*In re Cardizem CD Antitrust Litig*.,
218 F.R.D. 508 (E.D. Mich. 2003) .................................................................11

*Carson v. Am. Brands*,
450 U.S. 79 (1981)...........................................................................................11

*Daoust v. Maru Rest., LLC,*
No. 17-cv-13879 2019 WL 1055231 (E.D. Mich. Feb. 20, 2019)..................14

*Diaz v. BTG Int'l Inc.*,
2021 WL 2414580 (E.D. Pa. June 14, 2021) ...........................................12, 14

*Dover Glen Condo. Ass'n v. Oakland County*,
No. 22-11468 2022 WL 17337815 (E.D. Mich. Nov. 30, 2022).............10, 11

*Fastener Dimensions, Inc. v. Mass. Mut. Life Ins. Co.*,
No. 12cv8918 (DLC), 2014 WL 5455473 (S.D.N.Y. Oct. 28, 2014)............13

*Forman v. TriHealth, Inc.*,
40 F.4th 443 (6th Cir. 2022) .............................................................................3

*Garner Props. & Mgmt., LLC v. City of Inkster*,
333 F.R.D. 614 (E.D. Mich. 2020) ...................................................................1

*Harney v. Parrott*,
617 F. Supp. 2d 668 (S.D. Ohio 2007) ...........................................................13

*Karpik v. Huntington Bancshares Inc.*,
No. 2:17-cv-1153, 2021 WL 757123 (S.D. Ohio Feb. 18, 2021) .........*Passim*

*Levell v. Monsanto Research Corp.*,
191 F.R.D. 543 (S.D. Ohio 2000)....................................................................10

*Nolan v. Detroit Edison Co.*,
2022 WL 2813013 (E.D. Michigan July 14, 2022) ........................................13

iii

*Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*,
636 F.3d 2354 (6th Cir. 2011) ...............................................................................9, 11

*Shy v. Navistar Int'l Corp.*,
2022 WL 2125574 (S.D. Ohio 2022)................................................................................10

*Smith v. Commonspirit Health*,
37 F.4th 1160 (6th Cir. 2022) .........................................................................................3

*Thomsen v. Morley Companies, Inc.*,
639 F. Supp. 3d 758 (E.D. Mich. 2022)..............................................................10, 11, 13, 14

*UAW v. General Motors Corp.*,
No. 05-cv-73991, 2006 WL 891151 (E.D. Mich. Mar. 31, 2006)...................................11

*Vigna v. Emery Fed. Credit Union*,
No. 1:15-cv-51, 2016 WL 7034237 (S.D. Ohio Dec. 2, 2016).......................................10

*Williams v. Vukovich*,
720 F.2d 909 (6th Cir. 1983) .........................................................................................11

**STATUTES**

28 U.S.C. § 1292(b) ........................................................................................................3

28 U.S.C. §§ 1332(d), 1453, and 1711-1715 ...............................................................15

29 U.S.C. § 1104(a) ........................................................................................................2

FED. R. CIV. P. 23 ................................................................................................8, 14, 15

FED. R. CIV. P. 23(a)........................................................................................................8

FED. R. CIV. P.  23(b)........................................................................................................8

FED. R. CIV. P. 23(e) ........................................................................................................7

FED. R. CIV. P. 23(e)(1)(B) ..............................................................................................8

FED. R. CIV. P. 23(e)(1)(C) ..............................................................................................9

FED. R. CIV. P. 23(e)(2) ................................................................................................8, 9

FED. R. CIV. P. 23(e)(3)....................................................................................................8

**Other Sources**

Class Action Fairness Act of 2005 ("CAFA").............................................................. 15

Employee Retirement Income Security Act of 1974 ............................................................ 1, 2, 4

*Newberg on Class Actions* § 13:10 (5th ed.) ................................................................. 1

Restatement (Third) of Trusts § 100 ........................................................................12

## I.        INTRODUCTION

Plaintiffs, Joshua Garcia, Andrea P. Brandt, and Howard Hart (collectively "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their unopposed motion for preliminary approval of the proposed Settlement of this ERISA[1] class action.[2] The Parties[3] are pleased that after years of hard-fought litigation, they are able to present for preliminary approval a proposed settlement of a cash payment of $1,510,000.00 (one million five hundred and ten thousand dollars) and certain non-monetary relief. Plaintiffs believe this is an excellent result which will grant relief to over 5,000 participants. The Parties agreed to the proposed Settlement with the aid of two mediation sessions, one with a third-party private mediator, Robert A. Meyer of JAMS, and a subsequent settlement conference with United States Magistrate Judge Green.

Plaintiffs believe the Settlement is an excellent result, providing a substantial, immediate payment to Settlement Class members and eliminating the risks and cost of trial. A trial could result in a reduced recovery or no recovery at all. "[T]he question now before the Court is simply whether the settlement is fair enough that it is worthwhile to expend the effort and costs associated with sending potential class members notice." *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. 2020)(citing *Newberg on Class Actions* § 13:10 (5th ed.). As set forth

---

[1] Employee Retirement Income Security Act of 1974.

[2] The Settlement Agreement is attached to the Gyandoh Decl. as Exhibit 1 and has several exhibits. These exhibits are: A (Settlement Notice); B (Plan of Allocation); C (Preliminary Approval Order); and D (Final Approval Order and Judgment). Undefined terms herein shall have the meaning ascribed to them in the Settlement Agreement.

[3] As used herein, "Parties" refers to "Settling Parties" which is defined in the Settlement Agreement as Defendants (Alticor Inc. ("Alticor"), the Board of Directors of Alticor Inc., the Alticor, Inc. Administrative Committee, the Alticor Inc. Investment Committee, and John Does 1-30) and the Named Plaintiffs, on behalf of themselves, the Plan, and each of the Settlement Class members.

1

below, the settlement is fair, reasonable, and adequate under governing law, and meets all

prerequisites for preliminary approval and dissemination of the Class Notice.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Proposed Settlement Class

Plaintiffs are participants  in the Amway Retirement Savings Plan (the "Plan"). *See*

Complaint (ECF No. 1), ¶¶ 17-21. The Settlement Class is defined as "all persons, except

individual Defendants and their immediate family members, who were participants in or

beneficiaries of the Plan, at any time during the Class Period, and any Alternate Payee of a Person

subject to a QDRO who participated in the Plan at any time during the Class Period" *Id.*, ¶ 1.47.

The Class Period is defined as "November 19, 2014, through the date the Preliminary Approval

Order is entered by the Court." *Id.*, ¶ 1.14.

### B.     Procedural History[4]

Plaintiffs commenced this action by filing a complaint on November 9, 2020 (ECF No. 1).

The Complaint alleged violations of fiduciary duties of prudence and loyalty imposed by ERISA

§ 404(a), 29 U.S.C. § 1104(a). Defendants filed a Motion to Dismiss (ECF 9) on February 19,

2021, and a Corrected Motion to Dismiss (ECF No. 11) on March 3, 2021. Plaintiffs filed their

Brief in Opposition to the Motion to Dismiss (ECF Nos. 14-16) on April 16, 2021. Defendants

filed their Reply in Support of the Motion to Dismiss (ECF No. 20) on May 19, 2021. On August

9, 2021, this Court issued an Order denying Defendants' Motion to Dismiss. Defendants filed their

Answer to Complaint and Affirmative Defenses (ECF No. 27) on September 21, 2021. The Parties

filed a Joint Motion for Approval of Mediator (ECF No. 34) on November 17, 2021. This Court

---

[4] The full procedural history of this matter is recounted in the Declaration of Mark K. Gyandoh
("Gyandoh Decl."), filed contemporaneously with this memorandum, at ¶¶ 3-45.

issued an Order Approving Agreed Upon Mediator (ECF No. 35) on November 29, 2021, and issued Notice of Appointment of Facilitative Mediator (ECF No. 36) on December 3, 2021, appointing Robert A Meyer, Esquire as Mediator.

On July 19, 2022, Defendants filed a Motion for Partial Reconsideration of the Court's Order Denying Defendants' Motion to Dismiss, or, in the Alternative, to Certify the Order on Defendants' Motion to Dismiss for Interlocutory Appeal Under 28 U.S.C. § 1292(b) (ECF No. 39). Defendants' Motion was made in light of the Sixth Circuit's decisions in *Smith v. Commonspirit Health*, 37 F.4th 1160 (6th Cir. 2022) and *Forman v. TriHealth, Inc.*, 40 F.4th 443 (6th Cir. 2022). On July 19, 2022, Defendants also filed a Motion to Stay Further Litigation Pending Resolution of Defendants' Motion for Partial Reconsideration, or, in the Alternative, to Certify the Order on Defendants' Motion to Dismiss for Interlocutory Appeal Under 28 U.S.C. § 1292(b) (ECF No. 40). On August 2, 2022, Plaintiffs filed their Brief in Opposition to Defendants' Motion to Stay (ECF No. 42), and on August 4, 2022, Plaintiffs filed their Brief in Opposition to Defendants' Motion for Partial Reconsideration (ECF No. 43). On August 11, 2022, Defendants filed their Reply (ECF No. 46). On August 23, 2022, this Court denied Defendants' motion for reconsideration (ECF No. 47).

Plaintiffs filed their Motion for Class Certification and supporting exhibits (ECF No. 56-58) on January 6, 2023. On March 6, 2023, the Parties filed a Joint Stipulation and Order Regarding Class Certification (ECF No. 59). This Court approved the Stipulation and Order Regarding Class Certification (ECF No. 60) on March 8, 2023. Defendants filed a Motion for Summary Judgment (ECF No. 80-85) on September 15, 2023. Plaintiffs filed their Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment on November 9, 2023 (ECF 89). On December 7, 2023, Defendants filed a Reply in Support of Motion for Summary Judgment (ECF No. 93). On

April 16, 2024, this Court issued its Opinion and Order granting in part and denying in part Defendants' Motion for Summary Judgment (ECF No. 113). The Court granted Defendants' motions with regards to Plaintiffs' recordkeeping claims and two of the investment funds challenged by Plaintiffs. *Id*. The Court denied Defendants' motion to exclude Plaintiffs' expert and motion for summary judgment regarding the remaining challenged funds. *Id*.

### C.      Discovery

Before filing the Complaint, Plaintiffs conducted informal discovery by investigating publicly filed Plan documents, reviewing Plaintiffs' Plan information, and consulting with experts. Gyandoh Decl., ¶ 24. On June 16, 2020, before filing suit, Plaintiffs requested numerous documents and information from Defendants pursuant to Section 104(b)(4) of ERISA. *Id*. at ¶ 25. Defendants responded by providing numerous documents on July 15, 2020, which Plaintiffs reviewed. *Id*. at ¶ 26. On December 1, 2021, Plaintiffs served Initial Disclosures.  *Id*. at ¶ 27. On February 16, 2022, Defendants served Initial Disclosures. *Id*. at ¶ 28. On September 12, 2022, Defendants served their First Set of Interrogatories and First Request for Production of Documents. *Id*. at ¶ 29. On October 4, 2022, Plaintiffs served their First Set of Interrogatories and First Request for Production of Documents on Defendants. *Id*. at ¶ 30. On October 6, 2023, Plaintiffs served their Responses to Defendants' First Requests for Interrogatories and Requests for Production of Documents. *Id*. at ¶ 31. On November 3, 2022, Defendants served their Responses and Objections to Plaintiffs' First Interrogatories and Requests for Production of Documents. *Id*. at ¶ 32.

Discovery led to the production of approximately 12,117 pages of documents and the taking of five fact witness and one expert witness depositions. Gyandoh Decl., ¶ 35. Plaintiff Garcia was deposed on November 7, 2022, Plaintiff Hart was deposed on November 8, 2022, and Plaintiff Brandt was deposed on December 9, 2022. *Id*. Michael Mohr, Defendants' 30(b)(6)

deponent, was deposed on December 1, 2022 in both his individual and 30(b)(6) capacity, and Plaintiffs' Expert, Eric Dyson, was deposed on May 5, 2023. *Id.*

### D.      Settlement Negotiations

The Parties first attempted to settle this matter on August 17, 2023, via a voluntary mediation session with Robert A. Meyer of JAMS, who is well-versed and experienced in mediating ERISA matters. Gyandoh Decl., ¶¶ 36-37; *see also* curriculum vitae of Mr. Meyer at https://www.jamsadr.com/meyer/. Although the mediation did not result in a settlement, it did provide each party with an understanding of the other party's respective strengths and weaknesses. However, the mediation session occurred before the close of expert discovery and this Court's summary judgment ruling.

On April 30, 2024, after this Court's motion for summary judgment decision, the Parties attended a settlement conference with Magistrate Judge Phillip J. Green. *Id.* at ¶ 42. The Parties exchanged offers and counter offers ahead of the settlement conference. *Id.* at ¶¶ 39-40. The settlement conference was a success, and on April 30, 2024, the Court was informed that the Parties reached a settlement (ECF Nos. 115-17).

### E.      Claims for Relief

Plaintiffs' claims concern Defendants' alleged breaches of fiduciary duties as Plan fiduciaries by, *inter alia*, (1) failing to actively monitor the Plan's administrative expenses and pursue a reduction in Plan costs to participants; (2) failure to monitor and replace underperforming investment funds in the Plan; (3) Failure to identify and implement lower cost replacement funds that were identical, or materially similar to, funds already in the plan, and (4) Alticor's failure to monitor the performance and processes of the Committee Defendants to ensure the adequate

performance of their fiduciary obligations (Complt. ¶¶ 58-152). The claims alleged in the operative Complaint are as follows:

COUNT I: Breaches of Fiduciary Duty of Prudence (asserted against the Committee).

COUNT II: Failure to Adequately Monitor Other Fiduciaries (asserted the Board and Alticor).

Defendants deny all of these claims and deny that they ever engaged in any wrongful conduct.

### F.     The Proposed Settlement

Through arm's length negotiations and numerous exchanges of memoranda and discovery, the Parties reached an agreement to settle the case on a class basis for $1,510,000 (one million five hundred ten thousand U.S. dollars). Plaintiffs' counsel believes this is a fair and adequate settlement amount. The Settlement Agreement also provides for non-monetary relief, providing that "Within five (5) years after the Settlement Effective Date, if the Plan's fiduciaries have not already done so, the Plan's fiduciaries will conduct or cause to be conducted a request for proposal relating to the Plan's recordkeeping services." *See* Gyandoh Decl., ¶47; Settlement Agreement Article 12.

The Gross Settlement Amount is inclusive of an attorney fees award not to exceed thirty-three and one third percent (33 1/3%) of the Gross Settlement Amount. The Settlement Agreement also provides for a reimbursement of attorney expenses up to $100,000 and a maximum of $10,000 incentive awards for each of the Class Representatives for their work in bringing the case forward. These amounts are to be paid from the Gross Settlement Amount.

### G.     Class Notice and Administration of Claims

Plaintiffs have selected Analytics LLC ("Analytics") to be the Settlement Administrator.

Analytics is highly experienced in class action claims administration. Upon preliminary approval, Analytics will mail, by first class mail, the Court-approved Settlement Notice (or "Notice") to Settlement Class members using addresses from documents associated with the Plan. Analytics will administer a skip trace and receive updated address information for any notices that are returned for lack of a forwarding address and re-mail the notices to the updated addresses. Additionally, Analytics will establish a settlement website providing Settlement Class members with important case documents, pertinent information, and contact information for the Settlement Administrator, Class counsel, and Defense counsel. Lastly, Analytics will institute a case-specific toll-free number for members to listen to an Interactive Voice Response ("IVR") system or speak with a live agent. The Notice, website, and telephone number will inform Settlement Class members of their rights to object, deadline to object, their inability to opt-out, Plaintiffs' case contribution awards, and Class Counsel's request for attorney's fees and expenses.

## III.   ARGUMENT

Given that the Court has previously certified a class, appointed class counsel and class representatives, it is unnecessary for the Court to re-evaluate the basis for granting class certification in the first instance, particularly where there is no challenge from any party regarding the appropriateness of a class.[5] However, as noted above, the Parties seek a slightly modified settlement class definition, which is defined as:

> All persons, except individual Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time during the Class Period [November 9, 2014, through the date the Court enters the Preliminary Approval Order], and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period.

---

[5] The basis for certifying a class, including the adequacy of Plaintiffs and their counsel, were set forth in Plaintiffs' memorandum and supporting declarations in support of their motion for class certification which are incorporated here by reference. *See* ECF Nos. 56-58.

Settlement Agreement, Art. 1.47[6].

The amended class definition provides an end date to the Settlement Class that occurs prior to the date Settlement Notice must be sent thus ensuring all Settlement Class members will be identified and sent notice of the Settlement.  Further, the slightly modified Settlement Class meets the requirements of Rules 23(a) and (b).

### A.  The Settlement Meets All Rule 23 Settlement Approval Requirements

Pursuant to FED. R. CIV. P. 23(e), at the preliminary approval stage, the court must determine whether it "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." FED. R. CIV. P. 23(e)(1)(B). Rule 23(e)(2), in turn, specifies factors the court must ultimately consider at the final approval stage:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3) [7]; and

---

[6] The prior certified class was defined as: "All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between November 9, 2014, through the date of judgment (the "Class Period")." ECF No. 60.

[7] Rule 23(e)(3) requires that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." FED. R. CIV. P. 23(e)(3). There are no agreements, other than the Settlement itself, in this case.

(D) the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2).

Here, as discussed above (1) the settlement was negotiated at arm's length by experienced counsel with the assistance of an experienced mediator after significant litigation, and settled after mediation with the Magistrate Judge, (2) the Settlement Class was adequately represented by Plaintiffs and Class Counsel, and (3) the relief provided is adequate and equitable to all Settlement Class members as the proposed Plan of Allocation provides for a *pro rata* distribution and each Settlement Class member will be entitled to at least the minimum amount of $10. In addition, the Settlement Agreement ensures a substantial and prompt payment to the Plan, which will ultimately be credited to the accounts of Class members. This substantial relief is far preferable to the possibility of a smaller recovery or none at all. In short, the proposed Settlement is an excellent result and merits preliminary approval. The Sixth Circuit has also enumerated factors that encompass the scope of the FED. R. CIV. P. 23(e)(2) factors described above, and which Plaintiffs satisfy.

### B.  The Settlement Satisfies Sixth Circuit Requirements of Fairness and Adequacy.

In determining if a settlement satisfies FED. R. CIV. P. 23(e)(1)(C), the Sixth Circuit evaluates seven factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Karpik v. Huntington Bancshares Inc.,* 2021 WL 757123, at * 4 (S.D. Ohio Feb. 18, 2021) (quoting *Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 244 (6th Cir. 2011)). "The court need not make an affirmative

determination of each factor but, rather, should grant preliminary approval if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *Bailey v. Verso Corporation*, 337 F.R.D. 500, 505 (S.D. Ohio 2021) (quoting *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016)). Here an evaluation of the seven factors warrants preliminarily approving the Settlement.

### 1. There is no risk of fraud or collusion.

Courts within the Sixth Circuit presume settlements are not the product of fraud or collusion unless presented with evidence of fraud or collusion. *Karpik,* 2021 WL 757123 at * 4; *see also, Shy v. Navistar Int'l Corp.,* 2022 WL 2125574, at *6 (S.D. Ohio 2022) ("Settlements resulting from arm's length negotiations conducted by competent counsel are *prima facie* fair."). There was no fraud or collusion in reaching this Settlement, because "[a]fter conducting informal discovery, the parties settled through a neutral mediator." *Thomsen v. Morley Companies, Inc.*, 639 F. Supp. 3d 758, 768 (E.D. Mich. 2022).

### 2. The complexity, expense, and likely duration of the litigation weighs in Favor of Settlement Approval.

The second factor considers whether a settlement "accomplishes what parties wanted and is adequate given the costs, risks, and delay of trial and appeal." *Dover Glen Condo. Ass'n v. Oakland County*, 2022 WL 17337815 at *4 (E.D. Mich. Nov. 30, 2022). Of course, class action trials are a "long, arduous process requiring great expenditures of time and money on behalf of both the parties and the court." *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 556 (S.D. Ohio 2000). In particular, "[i]t is well known that 'ERISA is a complex field that involves difficult and novel legal theories and often leads to lengthy litigation.'" *Karpik* at *9 (quoting *Krueger v.*

*Ameriprise,* 2015 WL 4246879, at *1 (D. Minn. July 13, 2015)). Here, in the absence of settlement, the Parties would litigate the remaining claims at trial, incurring more expert, research, court, and travel costs. The likely appeal from a trial would exacerbate the expense, duration, and complexity of the litigation to the determinant of the Plaintiffs.

### 3.   Plaintiffs conducted enough discovery to understand their strengths and weaknesses.

"The relevant inquiry with respect to this factor is whether the plaintiff has obtained a sufficient understanding of the case to gauge the strengths and weaknesses of the claims and the adequacy of the settlement." *Dover Glen Condo. Ass'n,* 2022 WL 17337815 at *3. Undoubtedly, this factor is satisfied because expert and fact discovery were completed prior to the settlement. Fact discovery was completed before the first mediation session, and subsequent expert discovery and litigation allowed the Parties to assess their strengths and weaknesses. Thus, this factor weighs in favor of settlement approval.

### 4.   The likelihood of success on the merits warrants approval.

"The likelihood of success on the merits 'provides a gauge from which the benefits of the settlement must be measured.'" *Thomsen,* 2022 WL 16708240 at *6 (quoting *Poplar Creek Dev.,* 636 at 245). However, a court "has no occasion to determine the merits of the controversy or the factual underpinning of the legal authorities advanced by the parties." *Williams v. Vukovich,* 720 F.2d 909, 921 (6th Cir. 1983) (citing *Carson v. Am. Brands,* 450 U.S. 79, 88 n.14 (1981)). Courts must only consider "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *UAW v. General Motors Corp.,* 2006 WL 891151, at *15 (E.D. Mich. Mar. 31, 2006) (citing *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D. Mich. 2003)).

Defendants have already defeated some of Plaintiffs' claims at the summary judgment

stage.  The Court dismissed Plaintiffs' claim regarding excessive recordkeeping and dismissed claims reducing Plaintiffs' investment fund claims.  Accordingly, the $1.51 million settlement amount represents about 12% of Plaintiffs' best-case damages for its remaining investment fund claim assuming Plaintiffs prevailed at trial.  However, at trial Defendants would assert multiple defenses arguing that Defendants followed prudent processes, the Plan's investment options were reasonable at all times, and lastly, the Plan did not suffer any losses. Both Parties would present intricate fact arguments and expert testimony.  If Defendants were successful at trial Plaintiffs would receive nothing thus making the Settlement a good result for the Settlement Class.  Without a doubt, "[t]he Settlement agreement reached by the parties avoids the risks attendant to this 'battle of the experts,' which could result in a ruling against Plaintiffs." *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 373 (S.D. Ohio 2006).

Moreover, "[e]ven if Plaintiffs established a fiduciary breach, it is 'difficult' to measure damages in cases alleging imprudent or otherwise improper investments", meaning "an adverse ruling on either liability or damages would significantly impact the Class, the likelihood of success in this case was materially uncertain." *Karpik*, 2021 WL 757123, at *5 (citing Restatement (Third) of Trusts § 100 cmt. b(1)). Thus, the benefit the Class receives in avoiding the risk of trial weighs in favor of preliminary approval.

### 5.      Counsel for the Parties find the Settlement to be fair and adequate.

Both Parties have retained counsel with experience and knowledge of ERISA and the claims at issue. Preliminary approval is warranted because "Class Counsel are skilled in class actions and ERISA litigation, and their recommendation that the Court should approve the Settlement is entitled to some deference." *Karpik,* 2021 WL 757123 at * 6; *see also Diaz v. BTG Int'l Inc.*, 2021 WL 2414580, at *8 (E.D. Pa. June 14, 2021) (appointing the undersigned as

settlement Class Counsel in an ERISA case and stating that we "appear well-qualified to weigh the risks and benefits of continued litigation as compared to the relief provided by the Settlement."). Likewise, counsel for Defendants, Jackson Lewis P.C., are one of the leading ERISA class action defense firms in the Country[8] and do not oppose the settlement.

In sum, the Parties' counsel are well informed of the strengths and weaknesses of their case and approve of the proposed Settlement.

### 6.     The reaction of absent class members is not a matter for preliminary approval.

"This factor is neutral because the proposed settlement is in the prenotice stage." *Thomsen,* 2022 WL 16708240 at *7. However, dissemination of Notice will inform absent class members of the fairness hearing and deadlines for objections so their concerns may be addressed before final approval proceedings. *See, Nolan v. Detroit Edison Co.*, 2022 WL 2813013 at * 6 (E.D. Michigan July 14, 2022) ("the views of absent class members are not yet known, but the notice period will provide ample opportunity for them to weigh in or object.").

### 7.     Approval of the Settlement is in the best public interest.

"Public policy generally favors settlement of class action lawsuits." *Karpik*, 2021 WL 757123 at *6 (quoting *Harney v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). Not only does this settlement allow Settlement Class members immediate and risk avoidant relief, but "[a]dditionally, this ERISA Settlement confers broader public benefits, as 'the protection of retirement funds is a great public interest.'" *Id.* at *6 (quoting, *Fastener Dimensions, Inc. v. Mass. Mut. Life Ins. Co.*, No. 12cv8918 (DLC), 2014 WL 5455473, at *9 (S.D.N.Y. Oct. 28, 2014)); *see also Nolan*, 2022 WL 2813013 at *6 ("Finally, the public interest favors resolution of the matter

---

[8] *See* www.jacksonlewis.com/services/erisa-complex-litigation. Last accessed June 1, 2024.

by way of a settlement that will secure a substantial recovery for the class members while avoiding the wastage of considerable time and expense by the parties and the Court, possibly only to reach the same end."). It is in the public interest to preliminarily approve the Settlement.

Accordingly, all the seven factors weigh in favor of preliminarily approving the Settlement.

### C.  The Proposed Notice Plan Should Be Approved by The Court.

"The Settlement Notice, claims review, and payment distribution services provided by the Settlement Administrator are essential to carry out the Settlement." *Karpik,* 2021 WL 757123 at *9. Additionally, "The Rule 23 Notice is also appropriate because it describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *Daoust v. Maru Rest., LLC,* 2019 WL 1055231 at *2 (E.D. Mich. Feb. 20, 2019). The Notice Plan is adequate because it "is [the] most practicable way under the circumstances to provide individual notice to the Class. It directs the Claims Administrator to mail notice to the members of the Class and provides detailed procedures for handling returned notices. It also establishes a settlement website that any member of the Class can access." *Thomsen* at *7. As detailed in section II.G. *supra*, the Notice Plan calls for dissemination of notice through first class mail, has procedures for returned mail, creates a website and toll-free number for members, and informs members of their rights and procedures to object to the settlement. *See e.g. Diaz,* 2021 WL 2414580, at *5 (granting final approval in an analogous ERISA matter where notice was administered via mail and a designated website was created to inform participants of pertinent information). The proposed notice plan is the best practicable plan under the circumstances and warrants preliminary approval.

## IV.    CONCLUSION

Plaintiffs respectfully request the Court grant their Motion for Preliminary Approval of Settlement, Preliminary Certification of the Settlement Class, approval of Class Notice and Plan of Allocation, and scheduling a Fairness Hearing. Plaintiffs propose the Fairness Hearing be scheduled at least 120 days after entry of the Preliminary Approval Order in order to provide the Settlement Class with fair notice and the opportunity to be heard, as well as to provide notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715. The submitted proposed preliminary approval order sets forth the proposed schedule of events which are subject to the Court's approval. For the reasons set forth above, the Settlement meets the standard for preliminary approval under Rule 23.

Dated: July 1, 2024                                    Respectfully submitted,

                                                       **CAPOZZI ADLER, P.C.**

                                                       */s/ Mark K. Gyandoh*
                                                       Mark K. Gyandoh
                                                       *Designated Trial Attorney*
                                                       312 Old Lancaster Road
                                                       Merion Station, PA 19066
                                                       Telephone: (610) 890-0200
                                                       Facsimile: (717) 233-4103
                                                       Email: markg@capozziadler.com

                                                       Peter A. Muhic
                                                       **MUHIC LAW LLC**
                                                       923 Haddonfield Road,
                                                       Suite 300
                                                       Cherry Hill, NJ 08002
                                                       Telephone: (856) 324-8252
                                                       Email: peter@muhiclaw.com

                                                       *Attorneys for Plaintiffs, the Plan*
                                                       *and the Proposed Class*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 1, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all attorneys of record.

*/s/Mark K. Gyandoh*

17